UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA DENNIS,

   Plaintiff,

-vs-                                    CASE NO.:

PROG LEASING, L.L.C.,
d/b/a PROGRESSIVE LEASING,

   Defendant.
_____/

## COMPLAINT

Plaintiff, MARCIA DENNIS, by and through her undersigned counsel, sues the Defendant, PROG LEASING, L.L.C., d/b/a PROGRESSIVE LEASING (hereafter referred to as "Defendant"), and in support thereof respectfully alleges the following:

## INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq*. ("FCCPA").

2. The TCPA was enacted to prevent companies like PROGRESSIVE LEASING from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." <u>Mims v. Arrow Fin. Servs., LLC</u>, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Polk County), the phone calls were received in this District, and the Defendants transact business in Polk County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Polk County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant, PROGRESSIVE LEASING, is a corporation which was formed in Delaware with its principal place of business at 10619 South Jordan Gateway, Suite 100, South Jordan, Utah 84095.

17. The conduct of Defendant which gave rise to the cause of action herein alleged occurred in this District, Polk County, Florida, by the Defendant placing illegal calls to Polk County, Florida.

18. Defendant, at all material times, was attempting to collect on a debt, (hereinafter the "subject account"), which was issued and/or serviced by Defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to five (5) times a day from approximately April 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that Defendant left pre-recorded voice mail messages on her cellular phone in violation of the TCPA.

21. On or about June of 2015 Plaintiff first requested that the calls to her cell phone cease. An agent or representative of the Defendant advised Plaintiff that the calls could not be stopped. The Plaintiff went on to orally revoke her consent to be called by the Defendant many more times and even went as far as mailing the Defendant a "cease and desist" letter in an effort to stop the collection calls on or about July 25, 2015. A copy of that letter is attached to this Complaint as Exhibit A.

22. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after approximately June 2015, were done so after she had revoked consent and/or without the "prior express consent" of the Plaintiff.

23. Plaintiff is the regular user and carrier of the cellular telephone number, (254) ***-9711, and was the called party and recipient of Defendants autodialer calls.

24. The autodialer calls from Defendant came from the telephone numbers including but not limited to (218) 491-6778 and (307) 223-3231, and when those numbers are called, a prerecorded voice or a representative answers and identifies the company as "Progressive Leasing."

25. Despite the Plaintiff's multiple requests (both verbal and written) for the calls to stop the Defendant continued to call the Plaintiff.

26. The Plaintiff received an estimated 900 calls from the Defendant between the time she initially revoked her consent to be called in June 2015 and the filing of this law suit, and estimates dozens of other calls before that time period.

27. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on April 28, 2016; April 29, 2016; April 30, 2016; and May 2, 2016.

28. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the number.

29. Despite actual knowledge of its wrongdoing, the Defendant continued the campaign of autodialer calls, well beyond the first time that the Plaintiff advised Defendant to stop calling Plaintiff.

30. Defendant's corporate policies are structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

31. Defendant's corporate policies provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

32. Defendant has other federal lawsuits pending against it alleging similar violations as stated in this complaint.

33. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

34. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

35. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

36. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff suffered statutory and actual damages, including an invasion of privacy. Plaintiff was also impacted in a personal and individualized way by stress, anxiety, and worrying.

## COUNT I

### (Violation of the TCPA)

37. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent,

40. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on or about June 2015 when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

41. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PROGRESSIVE LEASING, for statutory damages, actual damages, treble damages, punitive damages, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42. Plaintiff incorporates Paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

43. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

44. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff almost daily which is a frequency that can be reasonably expected to harass.  The calls continue through the filing of this complaint.

45. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PROGRESSIVE LEASING, for statutory damages, punitive damages, actual damages, attorney fees, costs, interest, and any other such relief the court may deem just and proper.

    Respectfully submitted,

*/s/ Frank H. Kerney III*
Frank H. Kerney III, Esquire
Florida Bar #:  88672
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Fkerney@forthepeople.com
JKneeland@forthepeople.com
Amoore2@forthepeople.com
Attorney for Plaintiff